```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/19/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH TOBIAS,

                  Plaintiff,

-against-

YALE NEW HAVEN HEALTH SERVICES
CORPORATION, GREENWICH HOSPITAL,
GREENWICH PAIN CONSULTING SERVICES,
INC., STEVEN J. BENNETT, DO *d/b/a Greenwich
Pain Consulting Services*, and STEVEN J.
BENNETT, DO,

                  Defendants.

No. 20 Civ. 8539 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Deborah Tobias commenced the instant diversity action under 28 U.S.C. § 1332 against Defendants Yale New Haven Health Services Corporation, Greenwich Hospital, Greenwich Pain Consulting Services, Inc., Steven J. Bennett, DO (doing business as Greenwich Pain Consulting Services), and Steven J. Bennett, DO (collectively, "Defendants"), asserting claims for medical malpractice, negligence, gross negligence, lack of informed consent, and breach of fiduciary duty. (Compl. at 6–16, ECF No. 1.) A review of the Complaint's allegations reveals that all Defendants reside in Greenwich, Connecticut and that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred there as well. (*See id.* ¶¶ 3–17.) Notwithstanding, Plaintiff alleges that venue is proper in this District because Plaintiff "is a resident of the County of Westchester, State of New York and [D]efendants are residents of the state of Connecticut." (*Id.* ¶ 19.)

    Under 28 U.S.C. § 1391(b), the federal venue statute, a civil action may be commenced in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "After finding that venue is wrong, '[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court.'" *Padilla v. City, Town, or Municipality of Dallas Co., Texas*, No. 3:19CV1115(VAB), 2019 WL 3766375, at *3 (D. Conn. Aug. 9, 2019) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). Transfer should be the usual remedy for improper venue. *See* 17 Moore's Federal Practice ¶ 111.34 (3d ed. 2020) ("Ordinarily, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating."). "When a plaintiff's choice of venue is improper, a district court may *sua sponte* transfer the case . . . ." *Ventricelli v. Nicklin*, No. 119CV0230, 2020 WL 132334, at *3 (N.D.N.Y. Jan. 13, 2020); *see also MRP, LLC v. Barr & Barr, Inc.*, No. 11 CIV. 0896 (DAB), 2011 WL 13266913, at *1 (S.D.N.Y. Mar. 7, 2011) (where venue is improper, "courts may *sua sponte* transfer cases.") (citing cases).

As discussed above, the Complaint's allegations clearly allege that all Defendants reside in Greenwich, Connecticut and that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred there as well. (*See* Compl. ¶¶ 3–17.) Moreover, the only connection to this District is that Plaintiff is a resident of Westchester County—which contrary to Plaintiff's allegation, does not by itself establish that venue is proper in this District.

3

Accordingly, the Court TRANSFERS the instant action to the United States District Court for the District of Connecticut *sua sponte*. The Clerk of the Court is directed transfer this file to the District of Connecticut and that all pending motions, if any, will be addressed by the transferee court.

Dated: April 19, 2022
       White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge